UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA ANN UHLER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:16-cv-1255-EFB<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. For the reasons discussed below, plaintiff's motion is denied and defendant's motion is granted.

I.     BACKGROUND

Plaintiff filed an application for a period of disability and DIB, alleging that she had been disabled since May 31, 2012. Administrative Record ("AR") 180-181. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 121-124, 128-133. On August 6, 2014, a hearing was held before administrative law judge ("ALJ") Carol J. Buck. *Id.* at 29-51. Plaintiff was represented by counsel at the hearing, at which she and a vocational expert ("VE") testified. *Id.*

1

On November 3, 2014, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id*. at 13-24. The ALJ made the following specific findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since May 31, 2012, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: anxiety and depression (20 CFR 404.1520(c)).

\* \* \*

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: She can perform unskilled, simple one and two step tasks; with occasional contact with public and co-workers.

\* \* \*

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

\* \* \*

7. The claimant was born [in] 1965 and was 46 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 CFR 404.1568).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 31, 2012, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 16-23.

Plaintiff's request for Appeals Council review was denied on April 8, 2016, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-6.

II. <u>LEGAL STANDARDS</u>

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III. ANALYSIS

Plaintiff argues that (1) the ALJ failed to consider the opinion of non-examining psychologist Davis, in violation of Social Security Ruling 96-7p; (2) the ALJ's rejection of treating physician Addonizio's opinion is not supported by substantial evidence because the ALJ did not acknowledge Addonizio's specialty in psychiatry; and (3) the ALJ failed to consider the side effects of Seroquel, in violation of 20 C.F.R. § 404.1529.

### A. The ALJ's Failure to Consider the Opinion of Non-Examining Psychologist Davis Was Harmless Error

Social Security Rule 96-7p provides as follows:

> [I]f the case record includes a finding by a State agency medical or psychological consultant or other program physician or psychologist on the credibility of the individual's statements about limitations or restrictions due to symptoms, the adjudicator at the administrative law judge or Appeals Council level of administrative review must consider and weigh this opinion of a nonexamining source under the applicable rules in 20 CFR 404.1527 and 416.927 and must explain the weight given to the opinion in the decision.

SSR 96-7p, 1996 SSR LEXIS 4, at *25. In this case, non-examining psychologist Davis so assessed plaintiff's credibility. *See* AR 96 (finding plaintiff "partially credible"). Davis opined that because of plaintiff's severe anxiety disorders, plaintiff could adapt to a work setting that is

4

"simple and routine." *Id.* at 95, 98. Davis added that plaintiff could work in a setting with "little general public contact" and could "interact with supervisors and coworkers she knows well." *Id.* at 98. In a remarkably similar assessment, the ALJ determined that plaintiff could "perform unskilled, simple one and two step tasks; with occasional contact with public and co-workers." *Id.* at 17. The ALJ did not, however, reference Davis's opinion in her decision.[2]

Plaintiff argues that the ALJ's failure to comply with the requirements of Social Security Ruling 96-7p necessitates remand. *See* ECF No. 10-1 at 6-7 (arguing that Davis's opinion was "completely missed in the equation"). However, plaintiff fails to demonstrate that proper discussion of Davis's opinion would necessitate a more restrictive assessment of plaintiff's residual functional capacity. As noted, the ALJ's assessment of plaintiff's residual functional capacity was largely consistent with Davis's opinion. AR 17; *compare with* AR 95-98. The ALJ's limitation to one and two step tasks is actually more restrictive than Davis's limitation to simple and routine work. *See Bobbitt v. Colvin*, No. 03:13-cv-01320-HZ, 2014 U.S. Dist. LEXIS 90108, at *24 (D. Or. July 1, 2014) ("the specific wording relating to 'one- or two-step instructions' is more restrictive than the phrasing of the more general 'simple' and 'routine' limitation.") (internal quotations and citation omitted)). A discussion of Davis' opinion supporting the ALJ's findings would have supported, not undermined those findings. The ALJ's error, therefore, was harmless. *See Liu v. Colvin*, No. 16-cv-1553-MEJ, 2017 U.S. Dist. LEXIS 11515, at *30 (N.D. Cal. Jan. 26, 2017) (finding that ALJ's failure to address a medical opinion that did not support "greater limitations than those assessed by the ALJ," was harmless error).

/////

---

[2] The ALJ's failure in this regard is puzzling, as her assessment of plaintiff's residual functional capacity largely mirrors the findings of Davis. AR 17; *compare with* AR 95-98. According to plaintiff, the ALJ meant to address the Davis opinion but "inadvertently" identified Davis as "State agency physician Dr. Colsky," and "for some reason," misstated Davis's "identity, credentials, and [ ] opinion . . . ." ECF No. 10-1 at 6. However, the ALJ's references to Colsky's identity, credentials, and opinion, are all supported by the record, making it more likely that the ALJ simply failed to discuss Davis's opinion altogether. *See* AR at 20. Even if there was some kind of misidentification, as plaintiff contends, the record is clear that the ALJ did not address Davis's opinion in her decision. The question, then, is whether that error made a difference in the outcome of the hearing decision.

B. <u>The ALJ Properly Rejected the Opinion of Treating Physician Addonizio</u>

Addonizio, plaintiff's treating psychiatrist, opined that plaintiff was disabled due to panic disorder with agoraphobia. AR 21. Addonizio further opined that for ten or fifteen percent of a seven and a half hour work day, plaintiff was precluded from performing many mental functions in work, including understanding, remembering, and carrying out very short and simple instructions, sustaining an ordinary work routine, and maintaining attention and concentration for extended periods. *Id.* The ALJ declined to give the opinion "controlling weight." *Id.*

Plaintiff argues that the ALJ should have noted Addonizio's specialty in psychiatry, and as a result, afforded Addonizio's opinion greater weight. ECF No. 10-1 at 7; *see* 20 C.F.R. § 404.1527(c)(5)[3] ("We generally give more weight to the medical opinion of a specialist about medical issues related to his or her area of specialty than to the medical opinion of a source who is not a specialist."). An ALJ may, however, reject an opinion from a treating specialist where the opinion is not well supported. *See* SSR 96-2p, 1996 SSR LEXIS 9, at *5 (noting it would be "error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported . . . ."); *see also Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601-602 (9th Cir. 1999) (an ALJ may reject a treating opinion that is inconsistent with other evidence in the record, including plaintiff's reported daily activities).

Here, the ALJ thoroughly explained why Addonizio's opinion was not well-supported. First, the ALJ explained that Addonizio's opinion was not supported by Addonizio's own records. AR 21 (noting that Addonizio's "records showed medical improvement with treatment and [did] not support even a 10% restriction in an ability to perform a 7.5 [hour] work day."); *id.* at 22 (noting that Addonizio's treatment notes included plaintiff's reports of "feeling better, doing more, sleeping well, and going out with friends."). The ALJ also found that Addonizio's findings regarding plaintiff's disability were inconsistent with plaintiff's activities of record. *Id.* at 21-22 (listing plaintiff's many demonstrated activities, including horseback riding, driving, socialization, and volunteer work at a thrift store, which "show that she is functional."). In

---
[3] Although plaintiff cites to 20 C.F.R. § 404.1527(d) and 20 C.F.R. 416.927, *see* ECF No. 10-1 at 7, 20 C.F.R. § 404.1527(c)(5) is the applicable regulation.

6

addition, the ALJ determined that Addonizio's opinion was not supported by the "totality of the evidence." *Id.* at 22 (noting that "all of the recent mental treating records showed entirely normal mental status examinations," and that plaintiff's ease in getting "out and about . . . show[ ] improvement in her condition and negat[e] her purported allegation of agoraphobia."). Plaintiff neither challenges the sufficiency of these reasons, nor contends that the stated reasons are not supported by substantial evidence. *See* ECF No. 10-1 at 7 (observing instead that, "the ALJ was specific about stating what she perceived were the inconsistencies between Dr. Addonizio's medical records and chart notes as compared with the Mental Evaluations."). Accordingly, the court finds no error in the ALJ's rejection of Addonizio's opinion.

### C. The ALJ Did Not Err in Failing to Assess Side Effects of Medication

Plaintiff argues that the ALJ failed to consider that her medication, Seroquel, caused her to feel drowsy in the morning.[4] ECF No. 10-1 at 8. Social Security regulations and policy require that an ALJ consider the "type, dosage, effectiveness, and side effects of any medication [a claimant has] taken to alleviate [ ] pain or other symptoms." *See* 20 C.F.R. § 404.1529(c)(3)(iv); SSR 96-7p, 1996 SSR LEXIS 4, at *8. "Numerous cases, however, have held that an ALJ need not address medication side effects where there is but passing mention of them . . . ." *Norman v. Astrue*, No. EDCV 09-1747-JEM, 2010 U.S. Dist. LEXIS 124876, *14 (C.D. Cal. Nov. 23, 2010) (citing cases). Indeed, it is the claimant's burden to show that a medication caused a debilitating impairment. *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1995). To meet that burden, the claimant must provide "evidence of side effects severe enough to interfere with [her] ability to work." *Osenbrock v. Apfel*, 240 F.3d 1157, 1164 (9th Cir. 2001) (declining to accept an allegation that medication caused drowsiness as such evidence). Here, plaintiff alleges her medication caused drowsiness in the morning. ECF No. 10-1 at 8. She neither alleges nor points to evidence showing that her medication impaired her ability to work. *Id.* Accordingly, she fails to prove any reversible error.

/////

---

[4] The ALJ did acknowledge, however, plaintiff's reports of feeling "groggy in the morning" and finding it "hard to wake up." AR 18.

7

## IV. CONCLUSION

For the reasons state above, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is denied;
2. The Commissioner's cross-motion for summary judgment is granted; and
3. The Clerk is directed to enter judgment in the Commissioner's favor.

DATED: September 18, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE